```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

DEAN A. KNAPP,                    §
(BOP # 66630-065)                 §
                                  §
VS.                               §  CIVIL ACTION NO.4:05-CV-313-Y
                                  §
                                  §
UNITED STATES OF AMERICA,         §
FEDERAL BUREAU OF PRISONS         §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
        and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Dean A. Knapp, a federal prisoner at the Bureau of Prisons ("BOP") FMC--Fort Worth facility, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Knapp's complaint names as defendants both the United States of America and the BOP.  Knapp contends that even though he has participated in a Residential Drug Abuse Program ("RDAP") as authorized under 18 U.S.C. § 3621(e), the BOP improperly denied him a reduction in sentence, based upon his conviction under 18 U.S.C. § 922(g)(1). (Compl. ¶¶ 3-6.)  Knapp contends that the denial of sentence reduction under 18 U.S.C. § 3621(e) was in violation of his rights to due process and equal protection of the law. (Compl. ¶ 6, ¶ 11.) He also contends that the failure to deem him eligible for a sentence reduction caused him to lose benefits of "guaranteed employment and consortium with family." (Compl. ¶ 8.) Plaintiff challenges the BOP's reliance on its Program Statement 5330.10 to deem him ineligible for the § 3621(e)

reduction based upon his § 922(g)(1) offense, even though the BOP has otherwise acknowledged such a conviction is not a crime of violence. (Compl. ¶ 9; Exhibits.) Plaintiff also claims that he will suffer numerous personal injuries as a result of the denial of eligibility for any ¶ 3621(e) reduction. (Compl. ¶ 12.) He claims that he is entitled to review of the denial of § 3621(e) sentence reduction eligibility under the Administrative Procedure Act ("APA") 5 U.S.C. § 702-706, and he seeks a directive from this Court to change his status from ineligible for a § 3621(e) sentence reduction to eligible. (Compl. ¶¶ 1, 13-14, § Prayer.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Knapp's complaint, the Court concludes that it must be dismissed under the authority of these provisions.

Plaintiff Knapp invokes the Court's federal-question jurisdiction under 28 U.S.C. § 1331 by alleging violations of his constitutional rights and seeking the right to relief under the APA. With regard to the alleged constitutional violations, Plaintiff has named as defendants the United States of America and the Bureau of Prisons. Although *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) establishes a common-law right to recover for alleged constitutional violations from individual federal officers, no such remedy lies against the United States. Such claims are barred by the doctrine of sovereign immunity.[6]  The United States may not be sued except to the extent

---

[3]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]*See Correctional Services Corp. V. Malesko,* 534 U.S. 61, 71-72 (2001) ("The [federal] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.  With respect to the alleged constitutional deprivation, his only remedy lies against the individual . . .").

3

it has consented to suit by statute.[7] Thus, Plaintiff may not maintain his action for constitutional violations against the United States or the BOP in this civil complaint.[8]

The Court next turns to whether Plaintiff's claims for review of the BOP's actions under the APA support federal-question jurisdiction. The APA provides that a person may seek judicial review for an alleged legal wrong committed by a federal agency, and, as such, it constitutes a waiver of sovereign immunity.[9] But the APA also provides an express exception to this waiver such that courts *may not* review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."[10] Plaintiff Knapp's challenges to the determination that he is ineligible for a reduction of sentence for participation in a drug-abuse treatment program are provided for by 18 U.S.C. § 3621(e)(2)(B). This provision is grouped with 18 U.S.C. §§ 3622-3626 as an "Imprisonment" subchapter of the "Post-Sentence Administration" Chapter of Title 18 of the United States Code.

---

[7]*United States v. Testan,* 424 U.S. 392, 399 (1976).

[8]*See generally Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(noting that a petition under 28 U.S.C. § 2241 is the proper vehicle for a prisoner to "attack the manner in which his sentence is carried out or the prison authorities' determination of its duration . . ."); *Richmond v. Scibana,* 387 F.3d 602, 605-606 (7th Cir. 2004)(analyzing the difference between a claim challenging individual sentence and placement decisions, which must be brought under § 2241, from a claim challenging the rules to be used by the BOP, which may be pursued under the APA).

[9]5 U.S.C.A. § 702 (West 1996).

[10]5 U.S.C.A. § 701(a)(1) and (2)(West 1996).

4

Section 3625 expressly stipulates that the APA "does not apply to the making of any determination, decision, or order under this subchapter."[11] This provision has been read to preclude review under the APA of the BOP's adjudication of an individual case.[12] Because Plaintiff seeks review of the BOP's application of 18 U.S.C. § 3621(e)(2)(B) to his particular case, 18 U.S.C. § 3625 precludes jurisdiction under the APA.[13]

Therefore, as none of plaintiff Dean A. Knapp's claims in this action support subject-matter jurisdiction over this civil complaint, it is DISMISSED WITH PREJUDICE[14] pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED September 13, 2005.

*Terry R. Means*

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[11] 18 U.S.C.A. § 3625(West 2000).

[12] *See Richmond,* 387 F.3d at 605 ("A placement decision itself is not open to challenge under the APA . . ."); *see also Fristoe v. Thompson,* 144 F.3d 627, 630-31 (5th Cir.1998)(noting that although the rule-making activities of the BOP are reviewable under the APA, § 3625 precludes review the BOP's substantive decision in an individual case).

[13] *See generally Lundeen v. Mineta,* 291 F.3d 300, 304-05 (5th Cir. 2002)("If [5 U.S.C. § 701(a)(1) applies] statutory preclusion of judicial review would be jurisdictional in effect, requiring dismissal.")

[14] This dismissal is without prejudice to Plaintiff's right to seek, through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, review of his sentence or the manner in which his sentence is being determined by BOP authorities.

5